United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MELINA RAZAVI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRAFFIC COURT OF SANTA CLARA COUNTY, et al.,<br><br>　　　　Defendants. | Case No.18-cv-06213-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE** |

Pro se plaintiff Melina Razavi filed a complaint and application to proceed *in forma pauperis* ("IFP") on October 10, 2018. Dkt. Nos. 1, 2. The Court granted Ms. Razavi's IFP application on November 16, 2018. Dkt. No. 5. Having screened the complaint pursuant to 28 U.S.C. § 1915(e), however, the Court finds that it lacks subject matter jurisdiction and that the complaint otherwise fails to state a claim upon which relief may be granted.

Neither Ms. Razavi nor any of the unserved defendants has consented to magistrate judge jurisdiction. Absent the consent of all parties, this Court does not have jurisdiction to issue dispositive orders and must refer the case to a district judge. 28 U.S.C. § 636; *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court directs the Clerk of the Court to reassign this matter to a district judge, with the following report and recommendation that the complaint be dismissed without prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

**REPORT AND RECOMMENDATION**

**I.　BACKGROUND**

Ms. Razavi's complaint includes allegations against the Superior Court of California for

the County of Santa Clara ("the Superior Court")[1], the Santa Clara County Sheriff, a Commissioner of the Superior Court, several court employees, and a California Highway Patrol ("CHP") officer.[2] *See* Dkt. No. 1 at 1. She says that the CHP officer issued her a ticket for not having proper vehicle registration at some point prior to April 2017. *Id.*; *see also id.* at 3. Ms. Razavi says that this ticket was wrongfully issued because she had fully paid for registration "and had passes from [the Department of Motor Vehicles] to move my car." *Id.* The details of the traffic court proceeding concerning Ms. Razavi's ticket are not entirely clear, but it appears that Commissioner Lisa Steingart presided over the matter. *Id.* at 4.

Ms. Razavi appeared at traffic court on April 7, 2017, May 8, 2017, September 7, 2017, and October 10, 2017. *Id.* at 3. On those occasions, Ms. Razavi says that court employees refused to accommodate her disabilities by refusing to extend the deadlines in her case. She also says that her disabilities rendered her unable to stand in line, and that court employees failed to accommodate her disabilities by refusing to give her priority in line and instead giving away her place to others. *Id.* at 1–2. Ms. Razavi says that the court employees bullied and harassed her, conspired to "flag" Ms. Razavi's name in court records, and intentionally failed to provide her notice of court hearings and deadlines. *Id.* at 1–3.

In addition, Ms. Razavi says that while visiting traffic court, an unidentified woman collided with her, causing her pain and physical injuries. *Id.* at 3. Ms. Razavi says the woman did so with the support of the court supervisor and employees. *Id.* She also alleges that a sheriff's deputy physically attacked her, and that an unidentified man also assaulted her after witnessing the court employees' and sheriff's deputy's attacks on and bullying of Ms. Razavi. *Id.* As a result of these attacks, Ms. Razavi says she suffered heart attacks, a stroke, further speech difficulties, a concussion, and back and musculoskeletal injuries that resulted in visits to the emergency room and private doctors. *Id.* Because of her injuries and disabilities, Ms. Razavi says that she

---

[1] Ms. Razavi has named the "Traffic Court of Santa Clara County" as a defendant. The Court understands Ms. Razavi to mean the Superior Court, which includes a traffic court division. *See* http://www.scscourt.org/court_divisions/traffic/traffic_home.shtml.

[2] Ms. Razavi's application to proceed IFP also names "Does 1-100." Dkt. No. 2 at 1.

1  frequently lost consciousness, was bedridden for many months, and suffered from pain and
2  nausea. *Id.*

3  A hearing was scheduled in Ms. Razavi's traffic court case for April 12, 2018. *Id.* at 1.
Ms. Razavi requested an afternoon appointment to accommodate her disabilities, but the court
refused to accommodate her and set the hearing for 9:00 a.m. *Id.* On the morning of April 12,
2018, Ms. Razavi was unable to get up in time to attend the 9:00 a.m. hearing as a result of her
disabilities. *Id.* In Ms. Razavi's absence, Commissioner Steingart issued judgment for over twice
the ticket amount: $585 instead of the original $285. *Id.* The court informed Ms. Razavi that she
needed to either pay the $585 or show proof of registration by June 15, 2018. *Id.* at 2. Ms. Razavi
says that her disabilities and illnesses prevented her from obtaining proof of registration, so she
wrote the traffic court a letter dated June 14, 2018 and included a money order for $585. *Id.* In
her letter, she requested that the traffic court refund her the money and give her an extension for
producing proof of registration based on her disabilities. *Id.* The traffic court refused to do so,
cashed the money order, and closed the case. *Id.*

Ms. Razavi filed this action on October 10, 2018, seeking money damages for her physical
injuries and pain and suffering; a refund of her $585; and an injunction ordering the traffic court to
remove the "flagging" of her name, cease conspiring against and injuring her, and to give her a
six-month extension of deadlines to accommodate her disabilities and surgeries for her "tumors
and cancers." *Id.* at 5. On November 16, 2018, the Court granted Ms. Razavi's IFP application
and screened her complaint pursuant to 28 U.S.C. § 1915(e), finding that the complaint as
currently pled does not state a claim on which relief may be granted. Dkt. No. 5. The Court gave
Ms. Razavi four weeks to file an amended complaint and to consent or decline magistrate judge
jurisdiction. *Id.* at 11.

Instead of filing an amended complaint or a consent/declination form, Ms. Razavi sent a
letter to the Court dated December 14, 2018. Dkt. No. 8 at 2, 3. In her letter, Ms. Razavi
requested "6 months time off" to accommodate her various medical conditions, "more time to
amend the case," and more time to fill out the consent/declination form. *Id.* at 1. The Court
construed Ms. Razavi's letter as a request for an extension of time to file an amended complaint

3

1 and consent/declination form and granted her request, requiring Ms. Razavi to file those

2 submissions by April 10, 2019. Dkt. No. 9. Ms. Razavi did not file an amended complaint or

3 consent/declination form by the April 10 deadline, nor did she timely seek relief from those

4 deadlines.

## II. LEGAL STANDARD

The Court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a).

The Court has a continuing duty to dismiss a case filed without the payment of the filing fee under 28 U.S.C. § 1915(a) whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To make this determination, courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), a complaint (or portion thereof) should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

### III. DISCUSSION

#### A. Form of the Complaint

A civil case is commenced by filing a complaint with the Court. Fed. R. Civ. P. 3. Rules 8, 10, and 11 of the Federal Rules of Civil Procedure describe the requirements for the form and contents of a complaint. Rule 10 provides that the complaint must have a caption that identifies the parties and separate, numbered paragraphs. Fed. R. Civ. P. 10. Rule 11 provides that the pleadings must contain a party's address, e-mail address, and telephone number. Fed. R. Civ. P. 11(a). Furthermore, by presenting a complaint to the Court, an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b). Rule 8 provides that a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8.

Applying these pleading rules to Ms. Razavi's complaint, the Court finds that the complaint does not comply with Rules 8 and 10. Specifically, the complaint lacks a caption; specific identification of the parties; separate, numbered paragraphs; a short and plain statement of the ground for jurisdiction; and a short and plain statement of the claim.

#### B. Subject Matter Jurisdiction

The federal courts are courts of limited jurisdiction and only have jurisdiction as authorized by the Constitution and Congress. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S.

365, 374 (1978). The party seeking to invoke federal court jurisdiction (here, Ms. Razavi) has the burden of establishing that federal subject matter jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

Potential sources of subject matter jurisdiction in this case are: (1) federal question jurisdiction, and (2) diversity jurisdiction. "Federal question" jurisdiction is assessed under 28 U.S.C. § 1331. The federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (citations omitted). "Diversity jurisdiction" is assessed under 28 U.S.C. § 1332. The court considers the citizenship of each party to the lawsuit, and there must be "total diversity" of citizenship between each plaintiff and each defendant and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

Applied here, it is difficult for the Court to assess subject matter jurisdiction due to the form of Ms. Razavi's complaint. As drafted, the complaint does not allege the citizenship of any party, or an amount in controversy, so diversity jurisdiction is not satisfied. As to a federal question, the complaint mentions several potential issues that may arise under federal law (the Americans with Disabilities Act and civil rights statutes), but the Court cannot assess whether these are plausible claims without more facts. *See infra* Sections III.D and III.E. As currently pled, the complaint does not support the exercise of federal subject matter jurisdiction. It establishes neither a federal question nor diversity of citizenship. "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004).

**C.    Defendants' Immunity From Suit**

The Eleventh Amendment states: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commence or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

6

Consequently, it bars "suits which seek either damages or injunctive relief against a state, and arm of the state, its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (internal quotation marks omitted). California state courts are state entities for the purposes of Eleventh Amendment sovereign immunity. *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("We conclude that a suit against the Superior Court is a suit against the State, barred by the [E]leventh [A]mendment."); *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (dismissing § 1983 claim against trial court as barred by Eleventh Amendment). Ms. Razavi's claim against the Superior Court itself cannot proceed. *Greater L.A. Council*, 812 F.2d at 1110 n.10 ("Since the [E]leventh [A]mendment by its terms bars suits against a state 'in law or equity,' our holding necessarily also applies to plaintiffs' claims against the Superior Court for injunctive and declaratory relief.").

The Eleventh Amendment also bars claims for monetary damages against state officials acting in their official capacities. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984) ("The Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interests.'") (internal citations omitted); *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007). The allegations in the complaint concerning the conduct of Commissioner Steingart, Officer A. Niemeyer, Karen Jones, and other court employees appear to concern only acts in their official capacity, and Ms. Razavi's tort claims against them are thus barred under the Eleventh Amendment. However, the Eleventh Amendment does not bar federal suits against state officials sued in their official capacities for injunctive relief under Title II of the Americans with Disabilities Act ("ADA") or in their *personal* capacities for violations of state law. *See Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 n.9 (2001); *Barrilleaux v. Mendocino Cty.*, 61 F. Supp. 3d 906, 914 (N.D. Cal. 2014).

Another barrier to Ms. Razavi's complaint is the doctrine of judicial immunity. Judicial immunity is "an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349 (1978) (absolute immunity for judge acting within jurisdiction). "Immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Judicial

7

immunity is overcome in only two sets of circumstances: (1) where a judge takes actions outside of his or her judicial capacity, and (2) where judicial actions were taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). The complaint does not allege that Commissioner Steingart acted outside of her judicial capacity or that she took judicial actions in the complete absence of all jurisdiction. As a Commissioner of the Superior Court, Commissioner Steingart is entitled to judicial immunity. *Regan v. Price*, 131 Cal. App. 4th 1491, 1495 (2005); *Tagliavia v. Cty. of Los Angeles*, 112 Cal. App. 3d 759, 761 (1980).

Quasi-judicial immunity may also apply to Ms. Jones and other court employees. *Shatford v. Los Angeles Cty. Sheriff's Dep't*, No. CV 15-1767 BRO (AJW), 2016 WL 1579379, at *10–11 (C.D. Cal. Mar. 29, 2016). However, the complaint lacks sufficient facts for the Court to determine whether quasi-judicial immunity applies here.

Ms. Razavi's claim against Officer Niemeyer may also be barred under the doctrine of qualified immunity. A public official performing a discretionary function enjoys qualified immunity in a civil action for damages, provided his or her conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). However, the complaint lacks sufficient facts for the Court to determine whether qualified immunity applies here.

### D. Americans with Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "public entity" includes "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." *Id.* § 12131. The Superior Court qualifies as a public entity.

To state a claim under Title II of the ADA, a plaintiff must plead: (1) that she is disabled

within the meaning of the statutes, (2) that she is "qualified" to receive the benefits of services or to participate in a program or activity of a public entity, or a program or activity receiving federal financial assistance, and (3) that she is excluded from, is not allowed to benefit from, or has been subjected to discrimination in the program or activity because of her disability. *Id.* § 12132. The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* § 12102(2).

Although Ms. Razavi has not expressly pled that she is disabled within the meaning of the ADA, her complaint alleges some facts from which that inference can be drawn: she cites a host of medical conditions or injuries and says that has been bedridden for some extended period and frequently loses consciousness. Dkt. No. 1 at 1, 3. Accepting these allegations as true, Ms. Razavi has pled a physical or mental impairment that substantially limits one or more of her major life activities. Ms. Razavi has pled that she was a litigant before the Superior Court, which effectively qualified her to participate in and receive the benefits of its services, but she was prevented from doing so on the basis of her disabilities. *Id.* at 1.

Nevertheless, the Court finds that Ms. Razavi has not stated a claim for relief under the ADA. A plaintiff seeking monetary relief under Title II of the ADA must prove intentional discrimination on the part of the defendant under the "deliberate indifference" standard. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139 (citing *City of Canton v. Harris,* 489 U.S. 378, 389 (1989)).

Ms. Razavi says that on multiple occasions she asked for a later hearing time and for priority in a waiting line, and that her requests were refused. Dkt. No. 1 at 1, 2, 4. However, she does not state facts showing that she provided defendants with sufficient notice concerning her disability such that defendants were able to investigate whether the requested accommodations were reasonable. *See Duvall*, 260 F.3d at 1139 (discussing *Memmer v. Marin Cty. Courts*, 169 F.3d 630 (9th Cir. 1999)); *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002); *see also Bower v. City and Cty. of San Francisco*, No. C 09–03507 CRB, 2011 WL 569882 at *6–7 (N.D.

9

Cal. Feb. 14, 2011) (dismissing disability claim because plaintiff failed to fill out the provided Reasonable Accommodation request form that would have given defendant information necessary to address the requested accommodations). The complaint does not plead any other facts suggesting that defendants acted with deliberate indifference with respect to Ms. Razavi's traffic court proceedings; it merely states summarily that defendants denied her requests. Dkt. No. 1 at 2, 3, 4. Accordingly, the complaint presently does not plead facts plausibly showing that the Superior Court and its employees acted with deliberate indifference and therefore fails to state a claim for monetary damages.

As for the non-monetary relief requested in Ms. Razavi's complaint, the ADA does not provide the remedies Ms. Razavi seeks. Her requests that the "flaggings of my name be removed from court," that the "court stops its conspiracies and crimes against me," and that she be given "6 months time off for surgeries" do not appear to have any connection to any alleged violations of the ADA. *Id.* at 5. Without such a connection, the Court has no authority to grant relief. *See* 28 C.F.R. § 35.130(b)(7) (requiring public entity to make "reasonable modifications" to its "policies, practices, or procedures *when necessary to avoid discrimination on the basis of disability*") (emphasis added); *Fry v. Napoleon Cmty. Schools*, 137 S. Ct. 743, 749–50 (2017) (noting that Title II of the ADA, 42 U.S.C. § 12133, and § 5 of the Rehabilitation Act, 29 U.S.C. § 794a(a)(2), "authorize individuals to seek redress *for violations of their substantive guarantees* by bringing suits for injunctive relief or money damages") (emphasis added).

### E. Constitutional Violations

Ms. Razavi appears to allege that at least some of the entities and people identified in her complaint violated her constitutional rights "in their conspiracies, fraud, and crimes against" her based on "flaggings of [her] name in court." Dkt. No. 1 at 1. However, the complaint does not specify which of Ms. Razavi's constitutional rights were violated, and consequently the Court finds that she has not stated a claim for violation of her civil rights.

Furthermore, Rule 9(b) requires that allegations of fraud be stated with particularity. Specifically, averments of fraud must "be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)

(quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). The complaint does not explain what "flagging" is, who did it, or when, where, or how it was done, and therefore Ms. Razavi's claim relating to fraud must be dismissed.

### F. Tort Claims

Ms. Razavi's allegations of assault, battery, negligence, and other torts for which she seeks monetary damages are barred by the Eleventh Amendment and the doctrine of judicial immunity for the reasons discussed above. Her claims may also be barred by quasi-judicial immunity and qualified immunity for the reasons discussed above.

### G. Plaintiff's Other Suits

A review of the public dockets reflects that over the past 14 years, Ms. Razavi has filed 18 actions in this District in addition to this one. The majority of these other cases were dismissed for reasons similar to those the Court has articulated above. *Razavi v. Holland et al.*, No. 5:04-cv-02515-RMW, Dkt. No. 42 (N.D. Cal. Mar. 23, 2006) (dismissing case for, among other reasons, failing to timely file an amended complaint, failing to comply with Rule 4(m), and failing to comply with court orders); *Razavi v. Razavi et al.*, No. 5:05-cv-05298-JW, Dkt. No. 41 (N.D. Cal. Mar. 25, 2006) (dismissing case for failing to comply with Rule 4(m) and ignoring court orders); *Razavi v. Haefer et al.*, No. 5:06-cv-00473-JW, Dkt. No. 17 (N.D. Cal. Mar. 25, 2006) (same); *Razavi v. Seaman et al.*, No. 5:08-cv-05552-JW, Dkt. No. 25 (N.D. Cal. Oct. 21, 2009) (same); *Razavi v. Schluchter*, No. 3:15-cv-04354-VC, Dkt. No. 43 (N.D. Cal. Apr. 30, 2018) (dismissing for lack of jurisdiction); *Razavi v. Regis Corp. et al.*, No. 5:15-cv-02574-EJD, Dkt. No. 52 (N.D. Cal. July 5, 2016) (dismissed following settlement); *Razavi v. Wal-Mart Stores, Inc.*, No. 5:15-cv-04740-NC, Dkt. No. 48 (N.D. Cal. Oct. 3, 2016) (same); *Razavi v. Bendorf Drive Apartments et al.*, No. 5:16-cv-01388-BLF, Dkt. No. 51 (N.D. Cal. Aug. 28, 2017) (same); *Razavi v. Lucky Supermarket Corp. et al.*, No. 5:16-cv-04119-EJD, Dkt. No. 10 (N.D. Cal. Aug. 31, 2016) (dismissing without prejudice for lack of subject matter jurisdiction); *Razavi v. Lucky Supermarket Corp. et al.*, No. 5:16-cv-05140-EJD, Dkt. No. 14 (N.D. Cal. Oct. 25, 2016) (same); *Razavi v. Valley Medical Center et al.*, No. 5:16-cv-07000-EJD, Dkt. No. 33 (N.D. Cal. Oct. 19, 2017) (dismissing ADA claim without leave to amend for failure to state a claim and dismissing state

law claims for lack of subject matter jurisdiction); *Razavi v. Coti et al.*, No. 5:17-cv-04341-BLF, Dkt. No. 18 (N.D. Cal. June 11, 2018) (dismissing ADA claim for failure to state a claim and declining to exercise supplemental jurisdiction over state law claims, with leave to amend); *Razavi v. Bendorf Drive Apartments et al.*, No. 5:17-cv-07304-BLF, Dkt. No. 41 (N.D. Cal. Jan. 15, 2019) (dismissing federal claims with prejudice under res judicata and dismissing state law claims without prejudice); *Razavi v. Holborn et al.*, No. 3:18-cv-07410-JST, Dkt. No. 10 (N.D. Cal. Apr. 9, 2018) (dismissing case with prejudice for failure to state a claim); *Razavi v. Strickland et al.*, No. 18-cv-01933-BLF, Dkt. No. 8 (N.D. Cal. July 16, 2018) (dismissing case without prejudice for failure to comply with Federal Rules of Civil Procedure 8 and 10 and for lack of federal subject matter jurisdiction); *Razavi v. Martins*, No. 3:17-cv-00717-JST, Dkt. No. 82 (N.D. Cal. Apr. 24, 2018) (dismissing complaint with prejudice for failure to state a claim); *Razavi v. Lew*, No. 5:16-cv-04969-EJD, Dkt. No. 11 (N.D. Cal. Oct. 25, 2016) (dismissing case without prejudice for lack of subject matter jurisdiction); *Razavi v. San Jose Police et al.*, No. 5:17-cv-02088-EJD, Dkt. No. 10 (N.D. Cal. May 16, 2017) (dismissing case without prejudice for lack of subject matter jurisdiction). Ms. Razavi's pattern of filing complaints that fail to proceed past the pleadings stage and subsequently failing to amend or otherwise comply with Court-ordered deadlines or the Federal Rules of Civil Procedure suggests classification as a vexatious litigant may be warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court directs the Clerk of the Court to reassign this action to a district judge and recommends that the newly assigned district judge dismiss without prejudice this action for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's ultimate order.

**IT IS SO ORDERED.**

Dated: April 17, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge